Good morning. May it please the Court, my name is Laura Paul. I'm here on behalf of Appellant Jordy Ochoa. I'd like to reserve three minutes for my rebuttal. The issue here, the central issue, is whether a trial judge, having just declared a mistrial because of a hung jury, can then turn around, immediately hold a hearing, consider all the defendants, not only was it in violation of probation, but didn't commit the crime. And then, after having previewed the weaknesses of the case for the state, hold another jury trial, which of course ended in conviction. The important fact here is that the judge made a finding which was based on the sufficiency of the evidence. And under clearly established federal law, specifically Ash v. Swenson, that was an acquittal, and retrial should have been barred. So in Ash, the original hearing was a criminal case. So jeopardy attached when the jury was impaled, and then jeopardy terminated with the conviction. But in this case, jeopardy attached with the jury, but then there was no termination of that trial. There was a mistrial, so jeopardy continued to the next case, correct? I know this was a separate civil probation revocation hearing. The fact that it was a civil probation revocation hearing, I don't think, is dispositive here. Because Ash and a number of other cases say that it's a proceeding. It doesn't have to be part of the same criminal case. But the Supreme Court has said, even if you're convicted or you're acquitted in a criminal case, there can be a civil trial on the same issues, and that's not barred by double jeopardy. But a probation revocation, Your Honor, is not just a civil matter. It's often referred to as a quasi-criminal matter. And just because it wasn't a new crime that was being tried, just because it was a probation revocation, doesn't mean that the judge didn't consider all of the facts that had just been presented to the jury, under all the evidentiary standards of a jury trial, and declared that he couldn't find a way to say that the defendant had committed the crime at all. So a juvenile proceeding has been determined to be criminal. Is there any case saying a probation revocation hearing is criminal? I looked, Your Honor, and I do not find one. So the gist of the probation revocation is, did the defendant violate the terms of probation? And the only punishment is what comes from a prior conviction, that you have to serve out the term of the prior conviction. So I was having trouble seeing why a probation revocation hearing, which, on its face, is civil, and doesn't have the same standard of proof as the preponderance, and there's no punishment. The issue is not whether they committed a crime, but whether they violated the terms of probation. Why that was more criminal than civil. I think it comes down to what the issue was for the probation revocation. Probation revocations can be based on all sorts of things. A failed drug screen, failure to show up and meet with your probation officer, failure to take classes. Here, the only issue for the probation revocation was whether or not he committed the crime. That was the only issue. And just because there was no punishment other than what had already been imposed at the original sentencing hearing on the underlying case, does not mean that this wasn't an acquittal. An acquittal, there's no case that says that an acquittal is only something that ends in a conviction. Well, it's not an acquittal of a criminal proceeding. I mean, because for a criminal proceeding, you're pretty good after that. You have the jury trial via conviction or acquittal. So the probation hearing didn't fall into that category. But under the collateral estoppel principles, Your Honor, I believe that because all of the facts necessary to resolve the matter between the parties, which is whether or not he was a felon in possession, were resolved by a ruling by the trial judge that this was. Yes. Is that really the crux of your argument? It really is a collateral estoppel argument, not really a double jeopardy. I guess the problem for your client is the state court rejected the collateral estoppel under state laws and there's a public policy exception. So it seems like it's really a collateral estoppel argument, not really a double jeopardy. Well, Ash says that collateral estoppel is embodied in the Fifth Amendment. And there are cases that follow Ash that. But the double jeopardy always involves two criminal proceedings. So this is really a collateral estoppel argument. And did that make sense, but the state court rejected that? Well, the state court rejected a partial claim. There was no double jeopardy claim under either the state constitution or the federal constitution. Originally, if that's what you're, I think you're referring to the direct appeal opinion where the court of appeals said that all of the elements of collateral estoppel had been satisfied. But because of this public policy exception that probation revocation hearings don't implicate double jeopardy. In California, not as a question of federal law, that's why they rejected it. But they said in their opinion that all the elements were met. And then when the double jeopardy claim is raised, there's no public policy exception for probation revocation hearings. Suppose DOJ investigates a company for antitrust violation, and they bring a civil lawsuit for bid rigging, but the government loses. Then a few months later, they continue their investigation, and they find a treasure trove of evidence of bid rigging. Would DOJ then be, would double jeopardy preclude DOJ from filing a criminal antitrust lawsuit against, criminal prosecution against the company? I would like to make sure that I understand your hypothetical before I start talking. So the first proceeding was a civil investigation. A civil antitrust claim, bid rigging, the government loses. Later, they find more evidence that they bring a criminal antitrust prosecution against the company. Would double jeopardy preclude that lawsuit? I don't believe so, Your Honor. But I couldn't say with certainty that it couldn't happen under collateral estoppel principles. That's my point. It seems it's more collateral estoppel, not double jeopardy like in this case. But I think the important fact here, again, is that the probation revocation hearing came on the heels of the mistrial. And then the judge found, based on the sufficiency of all the state's evidence, that he had not committed the crime. Can I ask you to stand back? Because we're actually, we're viewing this through Ed, but all right. So we have to say whether the state court's conclusion that a state felon possession conviction was not part of a double jeopardy clause is an unreasonable application, I guess, of ASH. Because there's no case directly on point. So under epideference, is ASH your best case? Because it's got serial criminal cases instead of criminal and civil. Well, it's not the only case, obviously. This court in Wilkinson v. Gingrich considered a similar situation where there was a traffic infraction, not a criminal case. And the defendant was found to be not guilty of committing the infraction. Then the state came up with more evidence that suggested that he had lied about who he was. And that was a thing in certain cases. So we're only to look at Supreme Court cases for determining the epideference. Correct, but that was one case in which this court interpreted ASH to lie. Can I suggest that I think your best case is Evans v. Michigan? Okay. It says that an acquittal is any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense. Yes. Or perhaps Richardson, which said, of course, a trial court's finding of insufficient evidence also is equivalent of an acquittal. Those cases defining an acquittal as any kind of judgment by the court that the evidence isn't enough, it seems like you've gone off on a tangent away from what I think are your best cases. I'm not quite sure why. But so if we take the idea that your best argument is that the revocation determination was essentially coming out of the criminal case and the criminal evidence and any determination by a court that it's not enough evidence could be an acquittal, I still kind of think you have a problem with it. So the problem that I see in your argument, with that being the argument, is that to actually do an acquittal, the judge has to look at all the evidence in the favor of the government. And I think this revocation determination was actually just the judge viewing the evidence whatever way the judge wanted to and not in the government's favor. Do you agree with that? I don't agree with that, Judge, because the trial judge went through all of the evidence and considered how it fit in, did consider that there was some impeachment of a defense witness, did consider that there was some evidence that might not have been introduced that would help the officer out, if I remember it correctly. I guess my question is, in making the credibility determination, so to actually direct a verdict in a criminal trial, the court would have to say, even assuming that the jury believed the government's side of all of the credibility determinations, it would still not be enough evidence. I don't see anything that says this judge did that here. I think the judge just said, I don't think he committed this, or I don't think there's enough evidence that he committed this. But I'm not sure, because the revocation determination, I don't think it has this, like, all evidence in favor of the government concept, does it? Well, I think that brings us back to IAC, Ronna, if that's the case. Because trial counsel should have objected at some point along the line here, and should have asked for a directed verdict. That would have been one way to solve this problem. I think if trial counsel had asked for a directed verdict in that moment, then the judge would not have had much choice, given what had just happened. A direct verdict in the criminal case or in the probation revocation case? In the criminal case. In the criminal case. So, you're saying that there was a mistrial, and the attorney erred in not saying the subpoena sufficiency of the evidence claim. Is that your argument? I'm sorry, could you repeat that? No, there was a mistrial. And you're saying after the mistrial or before the mistrial, the attorney erred by not moving for judgment, notwithstanding the verdict, which there wasn't one. So, I'm just sort of confused about what you're thinking should have happened. The judge was, just to go back to Judge Friedland's question, because I think this will answer yours as well, the trial judge held this hearing, weighed all the evidence, and made a finding that he hadn't committed the crime. You're talking about the probation revocation hearing?  I mean, it could have been a completely separate proceeding before a different magistrate judge. So, the fact or the coincidence that it was the same judge is something you'd note, but I don't see how that has equal significance. But the crux of it is that it's between the parties. You're right, I think it doesn't matter that it was the same judge. That's just a fact of this really unusual case. It could have been in front of a different judge, but if the parties were there, and the court made a ruling that the defendant didn't commit the crime, then that presents a double jeopardy problem. And I see that I'm running into my rebuttal time. Okay. Good morning, and may it please the court, Los Angeles County Deputy District Attorney Elizabeth Marks, the respondent in this matter. There's no question that the Fifth Amendment guarantee against double jeopardy protects against further prosecution after a merits-based acquittal of a crime charged. Petitioner asserts that petitioner was, in fact, acquitted of the primary charge in this case of being a felon in possession of a firearm after his first trial when the court decided not to violate his probation on a separate earlier case for felony resisting in which he had already been convicted because the doctrine of collateral estoppel applied. However, as this court has noted already this morning, probation violation hearings simply do not trigger the protections of double jeopardy, and that is because probation violation hearings in a different case cannot form the basis of an acquittal in a current criminal case. That's usually true, but what happened here, as I understand it, is there was a criminal trial. If there had been a not guilty verdict, that definitely would have meant there couldn't be another trial, right? So the judge watches that evidence. At the end of that trial, the judge who watched the evidence said, I don't think you committed the crime. There are cases, although I'm not sure why they didn't really cite them, but there are cases that say that any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense is an acquittal, no matter what the judge calls it. So why isn't this an acquittal under those cases? Well, in terms of, are you referring to Evans specifically, just as an example? Yes, Evans or Richardson. Okay, so in Evans, there was actually an acquittal because the court had found, I'm sorry, it was based on the judge's mistaken belief, that's my recollection, in Evans, correct? It's either Richardson's or Evans', yes. One of them is the mistake about the law that applied, and the judge thought that the person had to be not guilty. Either way, that was an acquittal in a criminal case. We are talking about a probation violation hearing here, which is not essentially criminal. But the oddity of these facts, it's true that there could have been a whole separate hearing and it would definitely not matter, but the oddity here is there was no new evidence, it's the same judge, it's immediately after, and basically the determination that the person didn't commit this offense was exactly on the criminal trial presentation. So in that weird situation that happened here, I'm not sure why it doesn't fall under the general notion that if a judge watches a trial and thinks that it should be an acquittal, that it is an acquittal, whatever the judge calls it. The issue here is that the court did not issue a directed verdict. We talked a little bit about this when counsel was arguing. The court absolutely could have done that. The first trial ended in a hung jury, 7-5 for acquittal, and there was a mistrial declared. At that point, the court knows its responsibilities and what it is unable to do, and it could have issued a directed verdict of acquittal. You probably know that the judge knew that. I mean, I think that is the better effect. I think that the argument should be that the effective thing to do by counsel here would have been to ask for a directed verdict despite the hung jury, right? How do we know that the judge considered doing that and it wasn't the fault of counsel for not pointing out that the judge could have done that? I don't know if it rises to being the fault of counsel for not pointing it out, because even though the judge has the ability to do that and the power to do that, it doesn't mean the judge necessarily intended to do that or wanted to do that. And in this case, the court actually immediately reset this case for a second trial. So I think that that is determinative on that issue at this point, and I would like to point out as well that there is no United States Supreme Court case, any precedent, that encounters this exact factual scenario. As Your Honor points out, it is unique. However, we do know that jeopardy in the federal context denotes risk. And that is the risk of being prosecuted repeatedly for the same offense and the hardship that goes along with that, the stress and the unpredictability that goes along with that. And that risk simply does not exist in this context. It does not exist in the context of a probation revocation hearing, which is essentially not criminal in nature. Okay, so you say no Supreme Court case on point. How does that fit into our AEDPA analysis? Well, I think in terms of the AEDPA analysis, we need to look as to whether the state court decision is directly contrary to or an unreasonable application of clearly established federal law. And it's abundantly clear that it is not because there is no case directly on point. And I know that counsel primarily, I know there are other cases cited as well, but Ash is the primary case that's cited on the doctrine of collateral estoppel. But I would offer to this court that the doctrine of collateral estoppel is an ingredient, and Ash says this, it is an ingredient of double jeopardy. It is not the end all and it is not determinative. And in fact, Ash squarely held that while collateral estoppel is an ingredient embodied in the guarantee against double jeopardy, it only applies insofar as necessary to safeguard against the risk of double jeopardy. That risk simply doesn't come up in this context of a probation violation hearing, and that is because there's no additional punishment that goes along with a probation violation. A probation violation hearing comes up after a defendant, in this case petitioner, has been convicted in an earlier case, and the court has granted them the leniency of not imposing sentence. They suspend the imposition of sentence. Am I right that in that context, the court does not have to view all of the evidence in the government's favor? Your Honor, I cannot answer you one way or another. I believe that is the case, but I would want to tell you yes, because I can't say that with certainty. Because it seems like it probably isn't an obligation to do that. The judge probably just has to weigh the evidence de novo or whatever, without any sort of slant. And if so, then I don't think it's equivalent to an acquittal, because you couldn't direct a verdict without having this kind of in the government's favor slant. So I think this isn't equivalent to an acquittal, even kind of on their best argument, but it sounds like you don't know that for sure. Oh, I do not think it's equivalent to an acquittal in this situation, and that is because there's no attachment of jeopardy. There's no new punishment that I have. Well, say I disagree with you about that. Say the jeopardy would be because this really was essentially a ruling about what had just happened in a criminal trial where that would be a jeopardy situation. So if the question is, is this ruling really equivalent to a directive verdict, then I guess the question is, was the analysis that needed to go into the revocation decision the same analysis that would need to go into a directive verdict? I think the answer is no, but it sounds like you don't know for sure. Again, Your Honor, because I don't have case to point to the court or anything of that nature, I want to leave that alone. I don't want to mislead this court in any way. Now. I think everyone agrees that if the probation revocation was a separate proceeding, there would be no double jeopardy. Again, the weird thing here, I think Judge Friedland talked about it, was in some ways the same proceeding, same evidence, same judge kind of heard the same thing. I mean, is it truly a distinct proceeding given that the judge inserted the exact same evidence? And that's probably, you know, this type of fact pattern probably won't ever happen again or it would be very, very rare, but it's just that that's the one that gives me pause here. It is distinct. I would like to point out to the court that just how it's noteworthy how far the court's findings during the course of the probation revocation hearing really were from an acquittal. I think it shows the court's state of mind. And I say that because we know the first trial on the felon in possession charge ended in a hung jury. We all agree. Counsel agrees as well. There was a mistrial. It was set for a second trial. Now, with regard to the probation violation, the court's action, the court's comments, I should say, the words that the court used were really meant to keep things status quo in the case, in the probation violation proceeding. The court took no dispositive action in that proceeding. In fact, the court expressly stated, I'll make clear on the record, that the court has not decided anything. And that was after the court stated, I sat through this trial, I've heard all of the evidence, and I believe by a preponderance that the standard wasn't met. But the court then said, again, I'll make clear on the record, the court has not decided anything. This action simply cannot be said to amount to a judgment of acquittal that could preclude a second trial on an entirely different charge, a criminal charge, of which the court had just declared a mistrial. And if I can, because I see that I'm going to run out of time fairly soon, turn to Petitioner's ineffective assistance of counsel claim. Simply put, there cannot be a Sixth Amendment violation for failing to object to the setting of a second trial after the hearing on the probation violation if there was no Fifth Amendment violation to begin with. The court in that situation had no obligation to object because there was no reason to object, no reasonable belief that any different outcome would occur. And in terms of the AEDPA review, and we've touched on this a little bit, but looking at this case overall, Petitioner has not demonstrated that the state court has... But can I just ask, given that the judge said, I cannot say that it is more likely than not that Mr. Occella, on the facts that I have before the court at this time, committed the crime. If the lawyer had said, I would like to request a directed verdict, you think the judge would have denied it? I tend to think the judge would have denied it. It was very clear in this case that the court wasn't intending to take any further action in this case at all. The court left it all for another day and for another judge. That seemed very clear from the record. It seems like there are inconsistent things that the judge is saying, because that sentence sounds like if the lawyer had said, please give me a directed verdict, then the judge would be in a bit of a bind. I agree with this court. This is a very unique set of facts. But the attorney did not say that. The court... And so why isn't that an effective assistance on counsel? Well, if I could point out to the court, that wasn't even the issue that was briefed by the petitioner. The issue was based on the probation violation here. It wasn't counsel was ineffective because he failed to ask for a directed verdict. So that wasn't even briefed by either side because it wasn't brought up. Here, there were clear-cut reasons based on both the Fifth and the Sixth Amendment of the United States Constitution to deny relief. And for that reason, respondent respectfully requests that the court deny petitioner the request of relief. And I say that because he was not acquitted after the first trial by jury or by the court's findings on the probation violation. Nothing about this case necessitates federal intervention because no constitutional violation occurred here. And unless the court has any further questions for me, I will submit. Thank you very much. I would like to address a couple of things and, of course, answer all your questions. With regard to what the judge would have had to do had trial counsel asked for a directed verdict, I don't think there's any question based on what was just said that she would have had to have called a directed verdict. So even though opposing counsel says you didn't raise that issue in your briefing, and what I have in my notes is your argument was that Mr. Ochoa's Sixth Amendment rights were violated when the attorney did the second trial on double jeopardy grounds. The attorney had all sorts of opportunities to object and make this argument and missed it at every turn, which just bolsters the IAC argument. And you're right, but I think, you know, in the larger scheme of the whole, IAC claim that was pled, that's part of it. And we've been talking about it today, so I thought I would address it. I'd also like to talk about what happened at the probation violation hearing with the language that was used. The standard was preponderance of the evidence much lower than what the government or what the state had to prove. The judge went through all the evidence, said at one point, this is at 3 ER 442, after discussing what Officer Ortega said about what he witnessed, said, I found him to be credible. So he is crediting the prosecution's evidence in that way, and then goes through all the other evidence, weighs it, and then makes the finding that he did not commit the crime. And those are his words. He, as I read it, I cannot say it was more likely than not that Ochoa, on the facts that I have before the court at this time, committed the crime. Right. So that sounds more like he's making a ruling based on the facts before him, as opposed to a sufficiency of the evidence determination, taking the light and the facts that are most favorable to the government. Is there other language there that sheds light on that? Well, maybe I can turn to addressing this issue that the trial judge never intended to do anything other than have a probation violation hearing. And, well, I'm sorry, I lost my train of thought. You're running out of time, so I need to wrap up. Okay. Two things that the state said regarding new punishment. It's not required to prove a double jeopardy claim that there's a new punishment that's happening. We have a lot of cases that don't have a new punishment involved in the triggering proceeding. And then this whole idea for risk of double jeopardy not being present in this case, it was absolutely present in this case. Because the judge heard all the evidence that the state had. This was a short trial. There wasn't a lot of evidence to weigh. The judge heard it all. It was presented again at the second trial. After the judge had gone through, weighed all this evidence, and told the prosecutor, basically, where the weaknesses were in their case. And then, of course, that's how we ended up with the second conviction. We would ask the court to grant the writ. Thank you very much. The case of Ochoa E. Thomas is submitted. The next case, United States v. Jermaine Wright, is submitted on the briefs. And with that, we're adjourned for this session. All rise.
judges: IKUTA, FRIEDLAND, LEE